UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

D.L.K. a minor, by SABRINA BRINK,

                Plaintiff,              1:16-CV-0907
                                              (GTS/WBC)

v.

COMMISSIONER OF SOCIAL SECURITY

                Defendant.
_____

APPEARANCES:                                OF COUNSEL:

LAW OFFICE OF PETER MARGOLIUS      PETER MARGOLIUS, ESQ.
  Counsel for Plaintiff
7 Howard St.
Catskill, NY 12414

U.S. SOCIAL SECURITY ADMIN.            ELIZABETH ROTHSTEIN, ESQ.
OFFICE OF REG'L GEN. COUNSEL-REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      This matter was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1 and the consent of the parties. (Dkt. Nos. 4, 14)

      Currently before the Court, in this Social Security action filed by Sabrina Brink ("Plaintiff") on behalf of her minor step-son, D.L.K. ("Claimant") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42

U.S.C. § 405(g), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 11, 12.) For the reasons set forth below, it is ordered that Plaintiff's motion be denied and Defendant's motion be granted.

I.  RELEVANT BACKGROUND

    A.  Factual Background

At the time of filing and at the time of his hearing, Claimant was a school aged child. (T. 15); 20 C.F.R. § 416.926a(g)(2). Claimant's alleged disability consists of attention deficit hyperactivity disorder ("ADHD"). (T. 128.)

    B.  Procedural History

On February 7, 2013, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on Claimant's behalf. (T. 50.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On July 30, 3014 Plaintiff and Claimant appeared before the ALJ, Robert Wright. (T. 29-49.) On October 8, 2014, ALJ Wright issued a written decision finding Claimant not disabled under the Social Security Act. (T. 9-27.) On May 25, 2016, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

    C.  The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. First, the ALJ found that Claimant was a "school aged child" at the time of filing and at the time of the hearing pursuant to 20 C.F.R. § 416.926a(g)(2). (T. 15.) Second, the ALJ found that Claimant had not engaged in substantial gainful

activity since the application date. (*Id.*) Third, the ALJ found that Claimant suffered from the severe impairments of ADHD and disruptive behavior disorder. (*Id.*) Fourth, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I ("the Listings"). (*Id.*) Fifth, the ALJ found that Claimant did not have an impairment or combination of impairments that functionally equaled an impairment set forth in the Listings. (T. 15-24.) Sixth, and finally, the ALJ concluded Claimant had not been disabled, as defined by the Social Security Act, since February 7, 2013, the date his application was filed. (T. 24.)

## II.     THE PARTIES' BRIEFINGS

### A.     Plaintiff's Arguments

Generally, in support of her motion for judgment on the pleadings, Plaintiff makes one argument. Plaintiff argues the ALJ's determination, that Claimant had less than a marked limitation in the domain of "Ability to Care for Himself," is not supported by substantial evidence. (Dkt. No. 11 at 2-4 [Pl.'s Mem. of Law].)

### B.     Defendant's Argument

Generally, in support of her cross-motion for judgment on the pleadings, Defendant makes one argument. Defendant argues substantial evidence supports the ALJ's finding that Claimant had a less than marked limitation in the domain of "Caring for Himself." (Dkt. No. 12 at 4-11 [Def.'s Mem. of Law].)

## III.    RELEVANT LEGAL STANDARD

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v.*

*Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *see Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In

other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

An individual under the age of eighteen (18) is disabled, and thus eligible for SSI benefits, if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 42 U.S.C. § 1382c(a)(3)(C)(i). However, that definitional provision excludes from coverage any "individual under the age of [eighteen] who engages in substantial gainful activity...." 42 U.S.C. § 1382c(a)(3)(C)(ii).

By regulation, the agency has prescribed a three-step evaluative process to be employed in determining whether a child can meet the statutory definition of disability. *See* 20 C.F.R. § 416.924; *Kittles v. Barnhart*, 245 F. Supp. 2d 479, 487-88 (E.D.N.Y. 2003); *Ramos v. Barnhart*, No. 02-CV-3127, 2003 WL 21032012, at *7 (S.D.N.Y. May 6, 2003).

The first step of the test, which bears some similarity to the familiar five-step analysis employed in adult disability cases, requires a determination of whether the child has engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b); *Kittles*, 245 F. Supp. 2d at 488. If so, then both statutorily and by regulation the child is ineligible for SSI benefits. *See* 42 U.S.C. § 1382c(a)(3)(C)(ii); 20 C.F.R. § 416.924(b).

If the child has not engaged in substantial gainful activity, the second step of the test next requires examination of whether the child suffers from one or more medically

5

determinable impairments that, either singly or in combination, are properly regarded as severe, in that they cause more than a minimal functional limitation. *See* 20 C.F.R. § 416.924(c); *Kittles*, 245 F. Supp. 2d at 488; *Ramos*, 2003 WL 21032012, at *7. In essence, "a child is [disabled under the Social Security Act] if his impairment is as severe as one that would prevent an adult from working." *Zebley v. Sullivan*, 493 U.S. 521, 529, 110 S. Ct. 885, 890 (1990).

If the existence of a severe impairment is discerned, the agency must then determine, at the third step, whether it meets or equals a presumptively disabling condition identified in the listing of impairments set forth under 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Listings"). *Id.* Equivalence to a listing can be either medical or functional. *See* 20 C.F.R. § 416.924(d); *Kittles*, 245 F. Supp. 2d at 488; *Ramos*, 2003 WL 21032012, at *7. If an impairment is found to meet, or qualify as medically or functionally equivalent to, a listed disability and the twelve-month durational requirement is satisfied, the child will be deemed disabled. *See* 20 C.F.R. § 416.924(d)(1); *Ramos*, 2003 WL 21032012, at *8.

Analysis of functionality is informed by consideration of how a child functions in six main areas referred to as "domains." 20 C.F.R. § 416.926a(b)(1); *Ramos*, 2003 WL 21032012, at *8. The domains are described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). Those domains include: (i) [a]cquiring and using information; (ii) [a]ttending and completing tasks; (iii) [i]nteracting and relating with others; (iv) [m]oving about and manipulating objects; (v) [c]aring for [oneself]; and (vi) [h]ealth and physical well-being. *See id.*

Functional equivalence is established in the event of a finding of an "extreme" limitation, meaning "more than marked," in a single domain. 20 C.F.R. § 416.926a(a); *Ramos*, 2003 WL 21032012, at *8. An "extreme limitation" is an impairment which "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(I).

Alternatively, a finding of disability is warranted if a "marked" limitation is found in any two of the listed domains. 20 C.F.R. § 416.926a(a); *Ramos*, 2003 WL 21032012, at *8. A "marked limitation" exists when the impairment "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(C).

## IV.  ANALYSIS

In terms of the six functional equivalence domains, the ALJ found that Claimant had a "less than marked" limitation in the domains of: acquiring and using information; attending and completing tasks; and caring for himself. (T. 18-23.) The ALJ found that Claimant had a "marked" limitation in the domain of interacting and relating with others. (T. 21.) The ALJ found that Claimant had no limitation in the domains of: moving about and manipulating objects, and health and physical well-being. (T. 21-23.)

7

Plaintiff argues that the ALJ's determination, that Claimant had a less than marked limitation in the domain of caring for himself, is not supported by substantial evidence. (Dkt. No. 11 at 2-4 [Pl.'s Mem. of Law].)

The domain of caring for oneself considers how well a child maintains a healthy emotional and physical state, including how well he gets his physical and emotional wants and needs met in appropriate ways; how he copes with stress and changes in his environment; and whether he takes care of his own health, possessions, and living area. 20 C.F.R. § 416.926a(k); SSR 09-7p, 2009 WL 396029. A school aged child, such as Claimant, should be able to: recognize circumstances that lead to feeling good and bad about himself; begin to develop understanding of what is right and wrong and what is acceptable and unacceptable behavior; demonstrate consistent control over behavior and avoid behaviors that are unsafe; begin to imitate more of the behaviors of adults he knows; and perform most daily activities independently, but may need to be reminded. SSR 09-7p, 2009 WL 396029, at * 5.

The ALJ relied on Plaintiff's testimony, a teacher's questionnaire, and medical observations in making his determination that Claimant had a "less than marked" limitation in this area. (T. 23.) Although there is evidence in the record which could support Plaintiff's contention that Claimant had greater limitations in this domain, for the reasons stated herein the ALJ's determination is supported by substantial evidence and therefore is upheld.

Claimant's testimony supports the ALJ's determination. In Claimant's functional report, Plaintiff indicated that Claimant could independently bath, brush his teeth, wash

8

his hair, chose his clothing, eat, pick up toys, hang up clothes, obey safety rules, and get to school on time. (T. 122.)

The ALJ also relied on a teacher questionnaire. Although incomplete, the questionnaire noted that Claimant functioned well in class when he took his medication and when he did not take his medication he had a "very hard time" with self-control. (T. 137.) Plaintiff contends that the ALJ erred in relying on the incomplete questionnaire. (Dkt. No. 11 at 3-4 [Pl.'s Mem. of Law].) The ALJ did not commit error in relying, in part, on an incomplete teacher questionnaire. The ALJ did not solely rely on the questionnaire in making his determination and the ALJ's determination is supported by the overall evidence in the record as further outlined herein.

Further, as indicated by the ALJ, Claimant did not appear to consistently receive appropriate adult support. (T. 23.) Treatment notations indicated that in therapy and "in everyday situations" Claimant used his learned coping skills which were easier to implement once he was on medication; however, he continued to have problems at home or with family. (T. 210.) Providers noted that Claimant's impulsive behavior was being challenged by high stress situations such as having his father in the home and by the return of siblings who were placed out of the home. (T. 265.) Treatment notations stated that Claimant would "not be able to further improve his mood and conduct without significant family changes." (T. 262.)

Plaintiff also argues that other evidence, such as school records and Global Assessment of Functioning ("GAF") scores, demonstrates the existence of severe behavioral issues. (Dkt. No. 11 at 3-4 [Pl.'s Mem. of Law].) GAF scores are non-dispositive and provide only a snapshot of estimated functioning at the time.

*See Trombly v. Colvin*, No. 8:15-CV-0567, 2016 WL 5394723, at *14 (N.D.N.Y. Sept. 27, 2016) (accepting that "a GAF score is only a snapshot of estimated functioning at the time the score is assessed") (citing *Schneider v. Colvin*, No. 3:13-CV-0790, 2014 WL 4269083, at *4 (D. Conn. Aug. 29, 2014)); *Rock v. Colvin*, 628 F.App'x. 1, 4 n.3 (2d Cir. 2015). Although GAF scores are opinion evidence, an ALJ should rely more heavily on a clinician's description rather than the numerical range. *Genito v. Comm'r of Soc. Sec.,* No. 7:16-CV-0143, 2017 WL 1318002, at *10. (N.D.N.Y. Apr. 7, 2017); *see Rock,* 628 F.App'x. at 4 n.3; *Maniella,* 2014 WL 183957, at *5. Here, the ALJ properly relied on clinician's observations and notations over GAF scores.

In addition, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).

To be sure, evidence indicated that Claimant had problems interacting with others (T. 171-185); however, the ALJ accounted for those problems in the domain of interacting and relating with others (T. 20-21). Further, Plaintiff argues that Claimant

was "described as Seriously Emotionally Disturbed" by mental health providers. (Dkt. No. 11 at 3 [Pl.'s Mem. of Law].) This is a misreading of the record. The program at Greene Country Mental Health Center where Claimant received treatment was called "Seriously Emotionally Disturbed." (T. 201.) However, providers never referred to Claimant as such.

Therefore, although Claimant had some degree of difficulty in this domain, the ALJ's determination is supported by substantial evidence in the record. The record indicates that Claimant could care for his physical needs such as hygiene and eating. The record contains notations that Claimant struggled in coping with stress at home; however, medication and therapy were helping him implement coping skills which were apparent in therapy and school. *See Stevens v. Comm'r of Soc. Sec. Admin.,* No. 5:05-CV-1268, 2008 WL 5057029, at *4 (N.D.N.Y. Nov. 24, 2008) (although record indicated claimant exhibited depression and injurious behaviors towards others, substantial evidence supports ALJ's determination that claimant did not have a marked limitation in the domain of caring for himself where evidence indicates claimant was able to care for his personal hygiene, listened to music, played video games, and the state agency psychiatrist opined claimant had no limitations in the domain); *see also Brown ex rel. S.W. v. Astrue*, No. 1:05-CV-0985, 2008 WL 3200246, at *15 (N.D.N.Y. Aug. 5, 2008).

Overall, substantial evidence in the record supports the ALJ determination that Claimant has a "less than marked" limitation in the domain of ability to care for himself. The ALJ's determination is supported by the teacher questionnaire, Plaintiff's testimony, and mental health treatment notations.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is

**GRANTED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is

**AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.


Dated:    May 5, 2017                                      _____
                                                           William B. Mitchell Carter
                                                           U.S. Magistrate Judge